UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SHIRELL CAHEE** | **CASE NO. 2:22-CV-02046** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **USA ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 34) filed by Defendant, CHRISTUS Health Southwestern Louisiana d/b/a CHRISTUS Lake Area Hospital ("CHRISTUS") who moves for summary judgment pursuant to Rule 56 of the Federal Rule of Civil Procedure. Plaintiff has not filed an opposition to the Motion and the time for doing so has lapsed.

## FACTUAL STATEMENT

In this medical malpractice lawsuit, Defendant CHRISTUS makes the following factual statements, which as note above, have not been disputed. On March 11, 2020, claimant, Shirell Cahee, filed a Medical Review Panel Complaint against Defendant Kimngan Pham Tran, M.D., CHRISTUS, and Niazy Mohamed Selim, M.D.[1]

On April 5, 2022, claimant's Complaint was presented to a Medial Review Panel pursuant to the provisions of the Louisiana Medical Malpractice Act, LSA-R.S. 40:1237.2 and/or 40:1231.1, *et seq.*. The panel opined that the evidence did not support the conclusion that Defendant, CHRISTUS, failed to meet the applicable standard of care as charged in

---

[1] Defendant's exhibit A.

the Complaint.[2] As to CHRISTUS, the panel opined that it met the standard of care providing appropriate and timely care without omissions or negligence, there was no breach of care, and the care provided was within the standard.[3] Additionally, the panel concluded that at all times the patient was properly assessed and monitored by the Hospital staff and this information was communicated to the treating physicians.[4]

Claimant has no expert testimony or other evidence to indicate that CHRISTUS breached the standard of care in treating her, or that any alleged breach caused her damage that would not otherwise have been incurred.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the

---

[2] Defendant's exhibit B, Affidavits of Dorothy A. Lewis and Henry Kaufman, IV.
[3] *Id.*
[4] *Id.*

nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

CHRISTUS moves to be dismissed from this lawsuit with prejudice because Plaintiff has no expert to testify that it breached the standard of care in her treatment.

In a medical malpractice action against a hospital, the claimant has the burden of proving that the hospital (1) owed a duty to the plaintiff to protect against the risk involved; (2) the hospital breached its duty; and (3) that claimant's injury was caused by the hospital's conduct. *Griffin v. HCA Highland Hospital*, 732 So.2d 624, 627 (La.App. 2nd Cir. 3/31/99). "[P]laintiffs in a medical malpractice suit against a hospital have the burden of showing that the hospital personnel negligently departed from the recognized standard of care afforded by hospitals in the area for the particular malady involved." *Dean v. Ochsner Medical Foundation Hospital and Clinic*, 749 So.2d 36, 39 (La. App 5th Cir.

11/10/99) citing *Jones v. Rapides Hospital*, 598 so.2d 619 (La. App. 3rd Cir. 1992). Consequently, to establish negligence against CHRISTUS and its employees, Plaintiff must prove:

      1.    the degree of knowledge or skill possessed or the degree of care ordinarily exercised by [healthcare] providers . . . .

      2.    that the [healthcare provider] either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with [his/her] best judgment in the application of that skill.

      3.    that as a proximate result of this lack of knowledge or the failure to exercise this degree of care, the plaintiff suffered injuries that would not otherwise have been incurred.

Louisiana Revised Statute 9:2794(a).

Additionally, "a hospital must exercise that amount of care required by a particular patient and must protect that patient from external circumstances peculiarly within the hospital's control." *Hunt v. Bogalusa Community Medical Center*, 303 So.2d 745 (La. 1974). In *Richoux v. Tulane Medical Center*, 617 So.2d 1316 (La. App. 4th Cir. 1993), the court of appeal affirmed the district court's grant of summary judgment in favor of the defendants where the claimant had no expert testimony to prove that the defendants breached the standard of care. The same result should occur here, as CHRISTUS points out that Plaintiff has no expert to establish thee standard of care and prove her allegations of negligence.

**CONCLUSION**

For the reasons explained herein, the Court will grant the Motion for Summary Judgment (Doc. 34) filed by Defendant, CHRISTUS Health Southwestern Louisiana d/b/a CHRISTUS Lake Area Hospital ("CHRISTUS") and dismiss Plaintiff's claims against this Defendant with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 14th day of May, 2024.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**